Below is an Opinion of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 09-39216-rld7 |
| BRADLEY WESTON TAGGART, | ) |
| | ) MEMORANDUM DECISION |
| Debtor. | ) |

On December 9, 2011, I issued my original Memorandum Opinion ("Memorandum Opinion") stating my findings of fact and conclusions of law with respect to debtor Bradley Weston Taggart's ("Mr. Taggart") Amended Motion to Hold Stuart M. Brown, Terry W. Emmert, Keith Jehnke and Sherwood Park Business Center, LLC in Contempt for Violating Discharge Injunction under 11 U.S.C. § 524 ("Contempt Motion") and further stating my intent to deny the Contempt Motion. For reasons that are not clear, following the submission of two alternative forms of order denying the Contempt Motion on December 19, 2011, the order denying the Contempt Motion ("Denial Order") was not entered until January 23, 2012.

In the meantime, on January 18, 2012, Mr. Taggart filed a motion to reconsider ("Motion to Reconsider") the decision reflected in the Memorandum Opinion. Subsequently, on January 24, 2012, Mr. Taggart

Page 1 - MEMORANDUM DECISION

filed a Notice of Appeal of the Denial Order to be heard by the district court.

I retain jurisdiction to decide the Motion to Reconsider and to allow Mr. Taggart's appeal to become effective upon entry of an order deciding the Motion to Reconsider under Fed. R. Bank. P. 8002(b).[1] See, e.g., Miller v. Marriott Int'l, Inc., 300 F.3d 1061, 1063-64 (9th Cir. 2002) ("[A] notice of appeal filed after the district court announces judgment is not effective until the district court has disposed of all [Civil] Rule 60(b) motions filed no later than ten (10) days after judgment is entered."); Martin v. Viles, 2009 WL 3365894 at *1 (E.D. Cal. Oct. 16, 2009) ("If the notice of appeal is instead filed after a motion for new trial, the notice of appeal is held in abeyance while the district court resolves the motion. Fed. R. App. P. 4(a)(4)(B)(i).").

## DISCUSSION

A. Standards for Deciding a Motion for Reconsideration

The Motion for Reconsideration asks that I reconsider and reverse the decision reflected in the Memorandum Opinion. The Motion for Reconsideration is "analogous to a motion for new trial or to alter or amend the judgment pursuant to [Civil Rule] 59 as incorporated by Rule 9023." United Student Funds, Inc. v. Wylie (In re Wylie), 349 B.R. 204, 209 (9th Cir. BAP 2006).

The Ninth Circuit has held that "[t]here are three grounds for granting new trials in court-tried actions under [Civil] Rule 59(a)(2):

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Page 2 - MEMORANDUM DECISION

(1) manifest error of law; (2) manifest error of fact; and (3) newly discovered evidence." Brown v. Wright, 588 F.2d 708, 710 (9th Cir. 1978). See also Clinton v. Deutsche Bank Nat'l Trust Co. (In re Clinton), 449 B.R. 79, 83 (9th Cir. BAP 2011):

> To succeed on her motion to alter or amend the judgment, debtor must have: (1) presented newly discovered evidence, (2) showed clear error, or (3) showed an intervening change in controlling law. Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

I have broad discretion in determining whether to reconsider my own orders, and "a motion for reconsideration should not be granted in the absence of highly unusual circumstances." Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999).

B. <u>Grounds for Reconsideration</u>

The only legal authority cited by Mr. Taggart in the Motion for Reconsideration is the Ninth Circuit's decision in Boeing North American, Inc. v. Ybarra (In re Ybarra), 424 F.3d 1018 (9th Cir. 2005), cited by both parties in their memoranda supporting and opposing the Contempt Motion prior to my issuance of the Memorandum Opinion. I reviewed Ybarra and discussed it at length in the Memorandum Opinion. Nothing in the Motion for Reconsideration tends to suggest that I applied legal standards inconsistent with Ybarra. Accordingly, I conclude that the Motion for Reconsideration does not establish clear error of law or any change in controlling law.

The Motion for Reconsideration further does not present any new evidence, other than statements regarding the entry of judgment in the Circuit Court following my issuance of the Memorandum Opinion. Rather,

Page 3 - MEMORANDUM DECISION

the Motion for Reconsideration argues in effect that I clearly erred in my fact findings and conclusions that Mr. Taggart reengaged in the Circuit Court Lawsuit and "reentered the fray," considering <u>Ybarra</u>. As I hope I made clear in the Memorandum Opinion, I carefully considered the factual record before me and did not come lightly to the conclusion that Mr. Taggart could not prevail on the Contempt Motion. As I pointed out in the Memorandum Opinion, the record before me was mixed, but after analyzing the evidence in light of <u>Ybarra</u>, I concluded that Mr. Taggart did not meet his burden of proof to prevail on the Contempt Motion. Nothing contained in the Motion for Reconsideration convinces me that I erred in that determination. If I did commit clear error in my decision of the Contempt Motion, that error can be corrected in Mr. Taggart's appeal.

<u>CONCLUSION</u>

For the foregoing reasons, I will deny the Motion for Reconsideration. The court will prepare a consistent order to be entered contemporaneously with this memorandum decision.

###

cc:      Damon J. Petticord
           James Ray Streinz
           John Berman
           Tyler Smith

Page 4 - MEMORANDUM DECISION

Case 09-39216-rld7    Doc 74    Filed 01/31/12